IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RON PERAU AND LISBETH PERAU, his wife

    Plaintiffs,

vs.

BARNETT OUTDOORS, LLC, SYNERGY OUTDOORS, LLC and WILDGAME INNOVATIONS, LLC

    Defendant.
_____/

Civil Action No.:

**JURY TRIAL DEMANDED**

## PLAINTIFFS ORIGINAL COMPLAINT

The Plaintiffs, RON PERAU and LISBETH PERAU, his wife by their undersigned attorneys, sue the Defendants, BARNETT OUTDOORS, LLC, SYNERGY OUTDOORS, LLC and WILDGAME INNOVATIONS, LLC, and allege as follows:

### JURISDICTION AND VENUE

1. This action arises under federal diversity jurisdiction, 28 U.S.C. 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

2. Venue is proper in this Court because, at all times material hereto, the design, manufacture, assembly, testing, inspection, servicing, marketing, distributing, and/or sale of the crossbow were performed in Florida.

### THE PARTIES

3. At all times material to this cause, Plaintiff, RON PERAU, was a resident of Garfield County, Colorado.

1

4. At all times material to this cause, Plaintiff, LISBETH PERAU, was a resident of Garfield County, Colorado.

5. At all relevant times, Defendant, BARNETT OUTDOORS, LLC, was a limited liability company organized and existing under the laws of the state of Florida. This Defendant can be served with process by delivering the summons and Complaint to Barnett Outdoors, LLC, c/o Corporation Service Company, registered agent, 1201 Hays St., Tallahassee, FL 32301.

6. At all relevant times, Defendant, BARNETT OUTDOORS, LLC, designed, manufactured, marketed, and sold the Barnett Buck Commander crossbow that is the product at the center of this dispute.

7. At all relevant times, Defendant, SYNERGY OUTDOORS, LLC, was a limited liability company organized and existing under the laws of the State of Louisiana, and did business in the State of Florida. This Defendant can be served with process by delivering the summons and Complaint to Synergy Outdoors, LLC, c/o Alfred S. Lippman., registered agent, 1025 Victor II Blvd., Ste. P, Morgan City, LA 70380.

8. At all relevant times, Defendant, SYNERGY OUTDOORS, LLC, was in the business of marketing game management products, including crossbows, and was the parent company of BARNETT OUTDOORS, LLC and owned 100% of its membership interests.

9. Further, it is Plaintiff's belief that Defendant, SYNERGY OUTDOORS, LLC, alone or through its affiliates, participated in the marketing of the Barnett crossbows, including the crossbow at issue.

10. At all relevant times, Defendant, WILDGAME INNOVATIONS, LLC, was a limited liability company organized and existing under the laws of the State of Louisiana, and

did business in the State of Florida. This Defendant can be served with process by delivering the summons and Complaint to Wildgame Innovations, LLC, c/o Corporate Service Co., registered agent, 501 Louisiana Avenue, Baton Rouge, LA 70802.

11. At all relevant times, Defendant WILDGAME OUTDOORS, LLC, was in the business of marketing Barnett crossbows, and was an affiliate or subsidiary of SYNERGY OUTDOORS, LLC, and marketed the Barnett crossbow which is the subject of this case.

12. This action arises from injuries Plaintiff suffered on or around September 3, 2015, when his crossbow came into contact with his left hand and caused severe injuries to his left thumb.

## COUNT I
### (Negligence of Barnett Outdoors, LLC)

13. Plaintiffs reallege and incorporate herein the allegations in Paragraphs 1 through 12 of this Complaint.

14. On or about September 3, 2015, Defendant, BARNETT OUTDOORS, LLC, owed Plaintiff a duty to exercise reasonable care in the design, manufacture, assembly, testing, inspection, servicing, marketing, distributing, and/or sale of the crossbow. Defendant further owed Plaintiff a duty of care to warn of any condition regarding the crossbow that could and did render the crossbow unsafe.

15. The injuries to Plaintiff and resulting damages were proximately caused by the negligence of Defendant, by and through its officers, agents, employees, servants, affiliates and others under its employ and control, in that Defendant breached its aforesaid duties by carelessly failing to properly design, manufacture, assemble, test, inspect, service, market, distribute and sell the crossbow. Defendant further breached its duty to Plaintiff by failing to detect, correct and/or warn or instruct about the dangerous and unsafe characteristics of the crossbow.

16. Specifically, Defendant's acts of negligence include, but are not limited to the following:

 (a) Negligently designing the crossbow such that a person using the crossbow in a foreseeable manner could place his or her thumb above the rail of the crossbow;

 (b) Negligently designing the crossbow without a bar, benchmark, or finger guard that would prevent a user's thumbs or fingers from moving up and in the way of the string of the crossbow;

 (c) Negligently marketing the crossbow as safe to use without a finger guard;

 (d) Negligently marketing the crossbow by promoting its use without a finger guard;

 (e) Negligently marketing the crossbow by failing to adequately warn consumers of the risks and dangers associated with using the crossbow without a finger guard, despite Defendant's actual or constructive knowledge that consumers could place their thumb above the rail of the crossbow;

 (f) Negligently failing to test the crossbow to ensure that consumers using it in a foreseeable manner could not place their thumb above the rail of the crossbow; and

 (g) Negligently failing to warn Plaintiff, after the crossbow had been purchased, that the product was unreasonably dangerous and defectively designed in that it posed a serious risk to consumers.

17. As the manufacturer of the crossbow, Defendant had a duty to exercise reasonable care in the design, testing, marketing, warning, and sale of the product. As the foregoing makes clear, Defendant wholly failed in the exercise of its duties to Plaintiff.

18. Plaintiff specifically pleads and will show that there were reasonable, feasible, and safer alternative designs available that were being used by the competitors of BARNETT OUTDOORS, LLC, long before the crossbow was sold and long before Plaintiff's injury.

19. As set forth herein, Defendant proximately caused the injuries to Plaintiff. As a result of the injuries to Plaintiff, Plaintiff has sustained damages and is entitled to recover all fair and just compensatory damages allowed by law, including past and future medical expenses, pain and suffering, past and future lost wages and lost earning capacity, impairment, disfigurement, deformity, scarring, pain and suffering and mental anguish, and other damages.

20. At the time of the incident which is the basis of this suit, the crossbow was in substantially the same condition as it was when it was placed into the stream of commerce. Neither Plaintiff nor any other person made any modifications to the crossbow after it was purchased.

WHEREFORE, Plaintiffs demand judgment against Defendant, BARNETT OUTDOORS, LLC, for compensatory damages and all other damages to which they may be justly entitled as well as attorney fees and all costs of this action and a trial by jury of all issues to be tried.

## COUNT II
### (Negligence of Synergy Outdoors, LLC)

21. Plaintiffs reallege and incorporate herein the allegations in Paragraphs 1 through 12 of this Complaint.

22. On or about September 3, 2015, Defendant, SYNERGY OUTDOORS, LLC, owed Plaintiff a duty to exercise reasonable care in the assembly, testing, inspection, servicing, marketing, distributing, and/or sale of the crossbow. Defendant further owed Plaintiff a duty of care to warn of any condition regarding the crossbow that could and did render the crossbow unsafe.

23. The injuries to Plaintiff and resulting damages were proximately caused by the negligence of Defendant, by and through its officers, agents, employees, servants, affiliates and

others under its employ and control, in that Defendant breached its aforesaid duties by carelessly failing to properly design, manufacture, assemble, test, inspect, service, market, distribute and sell the crossbow. Defendant further breached its duty to Plaintiff by failing to detect, correct and/or warn or instruct about the dangerous and unsafe characteristics of the crossbow.

24. Specifically, Defendant's acts of negligence include, but are not limited to the following:

(a) Negligently marketing the crossbow as safe to use without a finger guard;

(b) Negligently marketing the crossbow by promoting its use without a finger guard;

(c) Negligently marketing the crossbow by failing to adequately warn consumers of the risks and dangers associated with using the crossbow without a finger guard, despite Defendant's actual or constructive knowledge that consumers could place their thumb above the rail of the crossbow;

(d) Negligently failing to test the crossbow to ensure that consumers using it in a foreseeable manner could not place their thumb above the rail of the crossbow; and

(e) Negligently failing to warn Plaintiff, after the crossbow had been purchased, that the product was unreasonably dangerous and defectively designed in that it posed a serious risk to consumers.

25. As the distributor of the crossbow, Defendant had a duty to exercise reasonable care in the testing, marketing, warning, and sale of the product. As the foregoing makes clear, Defendant wholly failed in the exercise of its duties to Plaintiff.

26. As set forth herein, Defendant proximately caused the injuries to Plaintiff. As a result of the injuries to Plaintiff, Plaintiff has sustained damages and is entitled to recover all fair and just compensatory damages allowed by law, including past and future medical expenses, pain

and suffering, past and future lost wages and lost earning capacity, impairment, disfigurement, deformity, scarring, pain and suffering and mental anguish, and other damages.

27. At the time of the incident which is the basis of this suit, the crossbow was in substantially the same condition as it was when it was placed into the stream of commerce. Neither Plaintiff nor any other person made any modifications to the crossbow after it was purchased

WHEREFORE, Plaintiffs demand judgment against Defendant, SYNERGY OUTDOORS, LLC, for compensatory damages and all other damages to which they may be justly entitled as well as attorney fees and all costs of this action and a trial by jury of all issues to be tried.

## COUNT III
### (Negligence of Wildgame Innovations, LLC)

28. Plaintiffs reallege and incorporate herein the allegations in Paragraphs 1 through 12 of this Complaint.

29. On or about September 3, 2015, Defendant, WILDGAME INNOVATIONS, LLC, owed Plaintiff a duty to exercise reasonable care in the assembly, testing, inspection, servicing, marketing, distributing, and/or sale of the crossbow. Defendant further owed Plaintiff a duty of care to warn of any condition regarding the crossbow that could and did render the crossbow unsafe.

30. The injuries to Plaintiff and resulting damages were proximately caused by the negligence of Defendant, by and through its officers, agents, employees, servants, affiliates and others under its employ and control, in that Defendant breached its aforesaid duties by carelessly failing to properly design, manufacture, assemble, test, inspect, service, market, distribute and sell

the crossbow. Defendant further breached its duty to Plaintiff by failing to detect, correct and/or warn or instruct about the dangerous and unsafe characteristics of the crossbow.

31. Specifically, Defendant's acts of negligence include, but are not limited to the following:

    (a) Negligently marketing the crossbow as safe to use without a finger guard;

    (b) Negligently marketing the crossbow by promoting its use without a finger guard;

    (c) Negligently marketing the crossbow by failing to adequately warn consumers of the risks and dangers associated with using the crossbow without a finger guard, despite Defendant's actual or constructive knowledge that consumers could place their thumb above the rail of the crossbow;

    (d) Negligently failing to test the crossbow to ensure that consumers using it in a foreseeable manner could not place their thumb above the rail of the crossbow; and

    (e) Negligently failing to warn Plaintiff, after the crossbow had been purchased, that the product was unreasonably dangerous and defectively designed in that it posed a serious risk to consumers.

32. As the distributor of the crossbow, Defendant had a duty to exercise reasonable care in the testing, marketing, warning, and sale of the product. As the foregoing makes clear, Defendant wholly failed in the exercise of its duties to Plaintiff.

33. As set forth herein, Defendant proximately caused the injuries to Plaintiff. As a result of the injuries to Plaintiff, Plaintiff has sustained damages and is entitled to recover all fair and just compensatory damages allowed by law, including past and future medical expenses, pain and suffering, past and future lost wages and lost earning capacity, impairment, disfigurement, deformity, scarring, pain and suffering and mental anguish, and other damages.

34. At the time of the incident which is the basis of this suit, the crossbow was in substantially the same condition as it was when it was placed into the stream of commerce. Neither Plaintiff nor any other person made any modifications to the crossbow after it was purchased.

WHEREFORE, Plaintiffs demand judgment against Defendant, WILDGAME INNOVATIONS, LLC, for compensatory damages and all other damages to which they may be justly entitled as well as attorney fees and all costs of this action and a trial by jury of all issues to be tried.

## COUNT IV
### (Breach of Express Warranty by Barnett Outdoors, LLC)

35. Plaintiffs reallege and incorporate herein the allegations in Paragraphs 1 through 12 of this Complaint.

36. Defendant, BARNETT OUTDOORS, LLC made express warranties as to the Barnett Buck Commander crossbow at issue. Defendant specifically warranted that the Barnett Buck Commander crossbow's stock, trigger mechanism and limb assembly would be free from defects in material and workmanship. Under its warranty, Defendant agreed to repair and/or replace the warranted components during the period specified. However, the crossbow in fact was not of the quality or condition expressly warranted by Defendant's affirmations, and was defective. Defendant breached its express warranty by providing Plaintiff with the crossbow containing a defective or no finger guard, and refusing to recall the crossbow containing such defects even after sufficient knowledge that there was a defect that could potentially cause harm to consumers such as Plaintiff.

37. As a result of the foregoing, Plaintiff has suffered injury and damages that were directly and proximately caused by the crossbow. Plaintiff is therefore entitled to damages.

WHEREFORE, Plaintiffs demand judgment against Defendant, BARNETT OUTDOORS, LLC, for compensatory damages and all other damages to which they may be justly entitled as well as attorney fees and all costs of this action and a trial by jury of all issues to be tried.

## COUNT V
### (Breach of Implied Warranty by Barnett Outdoors, LLC)

38. Plaintiffs reallege and incorporate herein the allegations in Paragraphs 1 through 12 of this Complaint.

39. Defendant, BARNETT OUTDOORS, LLC also impliedly represented and warranted to the public generally, and to Plaintiff specifically, that the crossbow was safe, free from defects, of merchantable quality, and/or fit for its intended purpose. Defendant warranted it would provide Plaintiff with a crossbow that was in proper working order and that was fit for its intended purpose. Defendant breached these representations and implied warranties because the crossbow was defective and unsafe for Plaintiff to use.

40. As a result of the foregoing, Plaintiff has suffered injury and damages that were directly and proximately caused by the crossbow. Plaintiff is therefore entitled to damages.

WHEREFORE, Plaintiffs demand judgment against Defendant, BARNETT OUTDOORS, LLC, for compensatory damages and all other damages to which they may be justly entitled as well as attorney fees and all costs of this action and a trial by jury of all issues to be tried.

## COUNT VI
### (Breach of Implied Warranty by Synergy Outdoors, LLC)

41. Plaintiffs reallege and incorporate herein the allegations in Paragraphs 1 through 12 of this Complaint.

42. Defendant SYNERGY OUTDOORS, LLC, impliedly represented and warranted to the public generally, and to Plaintiff specifically, that the crossbow was safe, free from defects, of merchantable quality, and/or fit for its intended purpose. Defendant warranted it would provide Plaintiff with a crossbow that was in proper working order and that was fit for its intended purpose. Defendant breached these representations and implied warranties because the crossbow was defective and unsafe for Plaintiff to use.

43. As a result of the foregoing, Plaintiff has suffered injury and damages that were directly and proximately caused by the crossbow. Plaintiff is therefore entitled to damages.

WHEREFORE, Plaintiffs demand judgment against Defendant, SYNERGY OUTDOORS, LLC, for compensatory damages and all other damages to which they may be justly entitled as well as attorney fees and all costs of this action and a trial by jury of all issues to be tried.

## COUNT VII
### (Breach of Implied Warranty by Wildgame Innovations, LLC)

44. Plaintiffs reallege and incorporate herein the allegations in Paragraphs 1 through 12 of this Complaint.

45. Defendant WILDGAME INNOVATIONS also impliedly represented and warranted to the public generally, and to Plaintiff specifically, that the crossbow was safe, free from defects, of merchantable quality, and/or fit for its intended purpose. Defendant warranted it would provide Plaintiff with a crossbow that was in proper working order and that was fit for its

intended purpose. Defendant breached these representations and implied warranties because the crossbow was defective and unsafe for Plaintiff to use.

46. As a result of the foregoing, Plaintiff has suffered injury and damages that were directly and proximately caused by the crossbow. Plaintiff is therefore entitled to damages.

WHEREFORE, Plaintiffs demand judgment against Defendant, WILDGAME INNOVATIONS, LLC, for compensatory damages and all other damages to which they may be justly entitled as well as attorney fees and all costs of this action and a trial by jury of all issues to be tried.

## COUNT VIII
### (Strict Liability of Barnett Outdoors, LLC - Defective Design and Failure to Warn)

47. Plaintiffs reallege and incorporate herein the allegations in Paragraphs 1 through 12 of this Complaint.

48. At all material times hereto, Defendant, Barnett Outdoors, LLC, was a "manufacturer" of the Barnett Buck Commander, as defined by applicable state law.

49. At all material times hereto, Defendant was in the business of designing, testing, approving, manufacturing, marketing, distributing, and/or selling the crossbow that is made the basis of this lawsuit into interstate commerce, and did in fact design, test, approve, manufacture, market, distribute, and/or sell and place the crossbow into the stream of commerce. Defendant's conduct in distributing and/or selling the crossbow was solely for commercial purposes.

50. When the crossbow left Defendant's control and was placed into the stream of commerce, the crossbow was unreasonably dangerous, not suitable for its intended purpose, and unsafe by reason of Defendant's defective design, manufacture, assembly, testing, inspection,

12

service, marketing, distribution, and/or sale of the crossbow, and because the crossbow was marketed, sold and distributed without adequate instructions and/or warnings regarding its defective characteristics. The crossbow remained unchanged from the time it was originally manufactured, distributed and sold by Defendant until it reached Plaintiff.

51. Furthermore, at the time the crossbow was placed into the stream of commerce, Defendant intended that the crossbow would reach members of the public, such as Plaintiff, and it was, or should have been reasonably expected and foreseeable that the crossbow would be used by persons such as Plaintiff in the manner and application in which it was being used at the time of Plaintiff's injuries, with the expectation and belief that the crossbow was safe for its intended use.

52. On or about September 3, 2015, the crossbow was being operated and used for the purpose and in the manner for which it was designed, manufactured, assembled, tested, inspected, serviced, marketed, distributed, sold and intended to be used, and in a manner foreseeable to Defendant and for which adequate and safe instructions and warnings were required to be issued.

53. Defects in the design, manufacture, assembly, instructions, manuals, and warnings, testing, inspection, service, distribution, and/or sale of the crossbow, including but not limited to the lack of a bar, benchmark, "safety rail," or finger guard on the crossbow, as well as lack of warning of the dangers thereof, caused the string of the crossbow to suddenly and without warning, strike his thumb, multiple lacerations and requiring immediate surgical wound repair, resulting in injuries to Plaintiff. Plaintiff had no knowledge of this defective condition and had no reason to suspect that the crossbow was unreasonably dangerous prior to his injuries. Defendant, however, knew, or in the exercise of ordinary care should have known, of the crossbow's defective design

and lack of finger guard. Additionally, Defendant failed to provide adequate warning of the dangers presented by its product as designed and manufactured.

54. There were technologically and economically feasible alternative designs available at the time the crossbow left the control of Defendant, that were safer than the subject design, and potential means of warning available, and that would have prevented or significantly reduced the risk of Plaintiff's injuries without substantially impairing the utility of the crossbow.

55. By reason of the foregoing, the crossbow was dangerous to an extent beyond which would be contemplated by the ordinary consumer who purchases it, and Defendant is strictly liable for the damages sustained by Plaintiff pursuant to the *Restatement (Second) of Torts* Sections 402A and 402B.

56. As a result of the injuries to Plaintiff, Plaintiff has sustained damages and is entitled to recover all fair and just compensatory damages allowed by law, including past and future medical expenses, pain and suffering, past and future lost wages and lost earning capacity, impairment, disfigurement, deformity, scarring, pain and suffering and mental anguish, and other damages.

WHEREFORE, Plaintiffs demands judgment for damages and costs against the Defendant, BARNETT OUTDOORS, LLC, a trial by jury and any such other relief as this Court deems proper and just.

## COUNT IX
### (Negligent Misrepresentation of Synergy Outdoors, LLC)

57. Plaintiffs reallege and incorporate herein the allegations in Paragraphs 1 through 12 of this Complaint.

58. At all relevant times, Defendant, SYNERGY OUTDOORS, LLC marketed, distributed and sold the Barnett Buck Commander crossbow which injured the Plaintiff, and had a duty to do so truthfully, accurately, and without misrepresentations or false statements.

59. At all relevant times, Defendant knew or should have known that the Barnett Buck Commander crossbow which was used by the Plaintiff was defective in its design and manufacture in that it did not have a thumb guard or protector to minimize the danger of injuries to the thumb when used in a reasonable foreseeable manner. Yet Defendant negligently misrepresented to the Plaintiff and to the general public that the crossbow was safe and had certain characteristics and benefits that it did not have.

60. Further, defendant failed to warn the general public, including the Plaintiff, of the high risk of injury due to the absence of a thumb guard protector on the crossbow.

61. SYNERGY OUTDOORS, LLC supplied false information in ads and on websites and in press releases for the guidance of consumers and retailers in making purchasing decisions. Such representations were of material, existing facts and were made without any reasonable grounds for believing they were true, and they were made with the intent of convincing retailers and consumers like the Plaintiff to purchase Barnett crossbows.

62. Plaintiff was unaware that such statements were false, and he would not have purchased the crossbow if he knew they were false. However, Plaintiff relied upon Defendants' misrepresentations and omissions concerning the safety of the crossbow to Plaintiff's detriment.

15

63. As a result of Defendants' misrepresentations concerning the safety of the crossbow, Plaintiff was injured and sustained damages, including past and future medical expenses, pain and suffering, past and future lost wages and lost earning capacity, impairment, disfigurement, deformity, scarring, pain and suffering and mental anguish, and other damages.

WHEREFORE, Plaintiffs demands judgment for damages and costs against the Defendant, SYNERGY OUTDOORS, LLC, a trial by jury and any such other relief as this Court deems proper and just.

## COUNT IX
### (Negligent Misrepresentation of Wildgame Innovations, LLC)

64. Plaintiffs reallege and incorporate herein the allegations in Paragraphs 1 through 12 of this Complaint.

65. At all relevant times, Defendant, WILDGAME INNOVATIONS, LLC marketed, distributed and sold the Barnett Buck Commander crossbow which injured the Plaintiff, and had a duty to do so truthfully, accurately, and without misrepresentations or false statements.

59. At all relevant times, Defendant knew or should have known that the Barnett Buck Commander crossbow which was used by the Plaintiff was defective in its design and manufacture in that it did not have a thumb guard or protector to minimize the danger of injuries to the thumb when used in a reasonable foreseeable manner. Yet Defendant negligently misrepresented to the Plaintiff and to the general public that the crossbow was safe and had certain characteristics and benefits that it did not have.

60. Further, defendant failed to warn the general public, including the Plaintiff, of the high risk of injury due to the absence of a thumb guard protector on the crossbow.

61. WILDGAME INNOVATIONS, LLC supplied false information in ads and on

websites and in press releases for the guidance of consumers and retailers in making purchasing decisions. Such representations were of material, existing facts and were made without any reasonable grounds for believing they were true, and they were made with the intent of convincing retailers and consumers like the Plaintiff to purchase Barnett crossbows.

62. Plaintiff was unaware that such statements were false, and he would not have purchased the crossbow if he knew they were false. However, Plaintiff relied upon Defendants' misrepresentations and omissions concerning the safety of the crossbow to Plaintiff's detriment.

63. As a result of Defendants' misrepresentations concerning the safety of the crossbow, Plaintiff was injured and sustained damages, including past and future medical expenses, pain and suffering, past and future lost wages and lost earning capacity, impairment, disfigurement, deformity, scarring, pain and suffering and mental anguish, and other damages.

WHEREFORE, Plaintiffs demands judgment for damages and costs against the Defendant, WILDGAME INNOVATIONS, LLC, a trial by jury and any such other relief as this Court deems proper and just.

## COUNT XI
### (Consortium Claim)

66. Plaintiffs realleges and incorporates herein the allegations in paragraphs 1 through 65 of this Complaint.

67. At all relevant times, Plaintiff, LISBETH PERAU, was the wife of RON PERAU, and, as a result of the injuries sustained by her husband as hereinabove alleged, LISBETH PERAU, has lost the services, support, protection, companionship, affection and consortium of her husband, and will continue to lose said services, companionship, affection and consortium in the future.

68. In addition, as the wife of RON PERAU, LISBETH PERAU has been obligated to pay

17

hospital, medical, and nursing expenses on behalf of her husband.

WHEREFORE, Plaintiffs demands judgment against Defendants, BARNETT OUTDOORS, LLC, SYNERGY OUTDOORS, LLC and WILDGAME INNOVATIONS, LLC for compensatory damages and all other damages to which she may be justly entitled as well as attorney fees and all costs of this action and a trial by jury of all issues to be tried.

## CERTIFICATE OF SERVICE

I CERTIFY that a copy hereof was electronically filed with the Clerk of the Court using the Florida E-Filing Portal system, which will in turn send email notification to all counsel of record on this 6th day of March, 2017.

Joseph H. Saunders, Esquire
SAUNDERS & WALKER, P.A.
3491 Gandy Boulevard North, Ste. 200
Pinellas Park, FL 33781
(727) 579-4500, FAX (727) 577-9696
FBN 341746
joe@saunderslawyers.com
Counsel for Plaintiff